1  ALLAN W. JANSEN (STATE BAR NO. 81992)
   ajansen@orrick.com
2  ANDRE DE LA CRUZ (STATE BAR NO. 245175)
   adelacruz@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
4  Irvine, CA  92614
   Telephone:  949-567-6700
5  Facsimile:   949-567-6710

6  Attorneys for Plaintiff
   Custom Comfort Mattress Company, Inc.

7

```
                    FILED
        CLERK, U.S. DISTRICT COURT

              JUN - 3 2009

        CENTRAL DISTRICT OF CALIFORNIA
        BY                      DEPUTY
```

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 | CUSTOM COMFORT MATTRESS            Case No. CV 09-2137 CAS (PJWx)
12 | COMPANY, INC., a California
   | corporation,                      **STIPULATION AND
13 |                                    [PROPOSED] PROTECTIVE
   |              Plaintiff,            ORDER**
14 |      v.                           Hon. Christina A. Snyder
15 | MAURICE TRUDELL, an individual,
16 |              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260667986.1
13379-2001 A90/KE2                                PROPOSED PROTECT ORDER

1    WHEREAS all parties to this action desire a Protective Order for the purpose

2  of protecting their confidential, proprietary, business, financial, technical,

3  engineering, competitively sensitive and other non-public information and

4  materials, by controlling the distribution of, access to and the use of such

5  information;

6    IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff

7  Custom Comfort Mattress Company, Inc. ("Custom Comfort") and Defendant

8  Maurice Trudell ("Defendant"), through their respective counsel of record and

9  subject to the approval of the Court, without waiving any claims or defenses in the

10  above-captioned action that, in order to preserve the confidentiality of information

11  produced by the parties and to facilitate the exchange of information in discovery,

12  the following Stipulated Protective Order (the "Protective Order") shall govern this

13  action.

14    **1.    Recitals.**

15    (a)    Preparation and trial of this action may require the discovery of

16  certain business records and other materials that contain trade secrets or

17  confidential financial, pricing and pricing policies, customer, technical,

18  engineering, or competitively-sensitive commercial information protected by law

19  ("Confidential Information").  Discovery in this action may call for the production

20  of such Confidential Information.

21    (b)    Public dissemination of Confidential Information could

22  seriously harm the parties' respective businesses and the public interest.

23    (c)    Disclosure of Confidential Information to persons designated in

24  this Stipulated Protective Order may be necessary to enable the parties fairly to

25  prepare for litigation of this matter.

26    (d)    The Court enters this Protective Order so that the parties may

27  litigate this action without jeopardizing their business and commercial interests, and

28  the public's interest, in the confidentiality of this information in order to protect

1   against unauthorized disclosure of such information, and to ensure that such

2   information will be used solely in the preparation for trial and/or trial of this action

3   and shall not be used at any time for any other purpose whatsoever.

4       **2.**    <u>**Scope of Protective Order.**</u>

5           (a)    All information produced in discovery by any party or non-party

6   shall be used solely for the purposes of this litigation.

7           (b)    The protection of this Protective Order may be invoked with

8   respect to any documents, testimony, information, and things (collectively

9   "materials") produced or created in this action that contain Confidential

10  Information, or information that the producing party is otherwise required or

11  entitled by law to maintain in confidence, and with respect to any deposition, court

12  filing, correspondence, exhibits or discovery request or response containing or

13  referring to such materials. Said materials must be designated as "Confidential—

14  Outside Attorneys' Eyes Only." Such designation may be made by any party or by

15  any non-party producing materials in this action, and the terms "producing party" or

16  designating party" as used herein shall be deemed to include a non-party that

17  produces materials in this action.

18      **3.**    <u>**Disclosure of Materials Designated as Confidential—Outside**</u>

19              <u>**Attorneys' Eyes Only.**</u>

20          (a)    Materials designated "Confidential—Outside Attorneys' Eyes

21  Only," as well as summaries, excerpts and compilations of such materials, shall not

22  be disclosed to or made accessible to any person except as specifically permitted by

23  this Protective Order. Moreover, no attorney, nor any paralegal, secretary, or staff

24  member for any attorney, may discuss the existence of any materials designated

25  "Confidential— Outside Attorneys' Eyes Only," with anyone whatsoever, except as

26  provided for below. Materials designated "Confidential—Outside Attorneys' Eyes

27  Only," like all discovery materials, shall be used solely in the preparation for trial

28  and/or trial of this action, and shall not be used at any time for any other purpose

1   whatsoever.

2        (b)    Material designated as "Confidential—Outside Attorneys' Eyes

3   Only" by any producing party may be disclosed only to:

4             (i)    The Court, its secretaries, clerks and law clerks;

5             (ii)    Attorneys in a law firm actively involved in the

6   representation of a party in this action, and their secretaries, paralegals, legal

7   assistants, and other staff actively involved in assisting in this litigation, provided

8   that said attorney, secretary, paralegal, legal assistant, or other staff member is not

9   also a current or former director, officer, or employee of one of the parties in this

10  action or otherwise related to same;

11            (iii)    Any person called to testify as a witness either at a

12  deposition or court proceeding in this action, but only to the extent necessary for the

13  purpose of assisting in the examination of the witness, and also only if such persons

14  are informed of the terms of this Protective Order, provided with a copy of the

15  Protective Order and agree, on the record, that they are bound by the terms of the

16  Protective Order and are required not to disclose information contained in the

17  materials which are designated as "Confidential-Outside Attorneys' Eyes Only";

18            (iv)    Deposition and court reporters and their support

19  personnel, for purposes of preparing transcripts; and

20            (v)    Employees of outside copying services and other vendors

21  retained by counsel to assist in the copying, imaging, handling or computerization

22  of documents, but only to the extent necessary to provide such services in

23  connection with this litigation and only after being informed of the provisions of

24  this Protective Order and agreeing to abide by its terms.

25       (c)    Material designated as "Confidential—Outside Attorneys' Eyes

26  Only" by any producing party may not be disclosed to:

27            (i)    Any party to this action, or any of its directors, officers, or

28  employees or to any successor-in-interest to any party or to any director, officer or

1   employee of any entity engaged in the same or similar business as the parties,

2   including, without limitation, Mark Trudell;

3          (ii)    Experts or their employees, except upon prior written

4   consent of the designating party which shall not be unreasonably withheld.  Failure

5   to provide consent or non-consent within five (5) business days shall be deemed to

6   constitute consent;

7          (iii)   Any other person or entity not specifically authorized

8   above to be provided with such information.

9          (d)    Each person to whom "Confidential—Outside Attorneys' Eyes

10   Only" material is disclosed (other than persons described in paragraph 3(b)(i), (ii),

11   and (iv) shall execute a non-disclosure agreement in the form annexed hereto as

12   Exhibit A prior to disclosure, and shall agree to be bound by this Protective Order

13   and to be subject to the jurisdiction of this Court for the purpose of enforcement of

14   the terms of this order, except that individuals identified in paragraphs 3(b)(ii) and

15   (iv) shall not be required to execute such an agreement, provided that counsel

16   making disclosure to such individuals advise them of the terms of this Protective

17   Order and they agree to be bound thereby.  Counsel disclosing "Confidential—

18   Outside Attorneys' Eyes Only" material to persons required to execute non-

19   disclosure agreements shall retain all such executed agreements.  Copies of the

20   executed agreements shall be preserved by counsel and shall be provided to the

21   producing party if the Court so orders upon a showing of good cause.

22       **4.**    **Designation of Materials as "Confidential—Outside Attorneys'**

23   **Eyes Only"**

24          (a)    "Confidential—Outside Attorneys' Eyes Only" materials shall

25   include only such information as the designating party in good faith contends

26   should be protected pursuant to this Protective Order on the grounds that the

27   information constitutes trade secrets or confidential financial, customer, technical,

28   engineering or commercial information, the disclosure of which, other than under

1   the terms of this Protective Order, may cause harm to the public or to the
2   commercial and business interests of the party or non-party witness making the
3   designation.

4          (b)     In making designations of materials pursuant to this Protective
5   Order, the designating party shall give due consideration to whether the information
6   contained in the materials: (1) has been produced, disclosed or made available to
7   the public; (2) has been published, communicated or disseminated to others not
8   obligated to maintain the confidentiality of the information contained therein; or (3)
9   is available from a third party or commercial source that is not obligated to
10  maintain its confidentiality.  The designating party shall also give due consideration
11  to the age of the materials.

12         (c)     The protection of this Protective Order may be invoked with
13  respect to any covered material in the following manner:

14                 (i)     With respect to documents, the copy of the document
15  when produced shall bear the clear and legible designation "Confidential—Outside
16  Attorneys Eyes' Only" respectively on each page of the document;

17                 (ii)    With respect to discovery requests or the responses
18  thereto, the pages of such requests or responses containing "Confidential—Outside
19  Attorneys Eyes Only" materials shall be so marked, and the first page of the
20  requests or responses shall bear a legend substantially stating that "This Document
21  Contains 'Confidential—Outside Attorneys' Eyes Only' Material";

22                 (iii)   With respect to any deposition, Confidential—Outside
23  Attorneys' Eyes Only treatment may be invoked by: (1) declaring the same on the
24  record at the deposition with instructions to so designate the cover of the deposition
25  transcript, or (2) designating specific pages as "Confidential—Outside Attorneys'
26  Eyes Only" and serving such designations within thirty (30) days of receipt of the
27  transcript of the deposition in which the designations are made.  All deposition
28  testimony shall be treated as confidential pending receipt of a transcript of the

1   deposition.  All deposition transcripts shall be treated as "Confidential—Outside
2   Attorneys' Eyes Only" for the said thirty (30) day period, while a designation may
3   be made, unless otherwise agreed in writing or on the record by the parties.  If such
4   a large bulk of a deposition is deemed "Confidential—Outside Attorneys' Eyes
5   Only" by a designating party as to render the remaining transcript relatively minor,
6   the designating party may designate the entire transcript "Confidential—Outside
7   Attorneys' Eyes Only" rather than only a portion thereof.

8        (d)    Any party believing material designated as "Confidential—
9   Outside Attorneys' Eyes Only" by another is public or is otherwise not entitled to
10   such designation may advise the designating party of that belief in writing, provide
11   a brief statement of the basis for that belief with service on all other parties, and
12   allow ten (10) days for the designating party to respond.  If the designating party
13   does not modify its designation of the material, the provisions of this Protective
14   Order shall continue to apply unless modified by the Court upon motion by any
15   party.

16        (e)    If any producing party inadvertently produces or discloses any
17   "Confidential—Outside Attorneys' Eyes Only" Information without marking it
18   with appropriate legend, the producing party may give notice to the receiving party
19   that the information should be treated in accordance with the terms of this Order,
20   and shall forward appropriately stamped copies of the items in question.  Within
21   five (5) days of the receipt of substitute copies, the receiving party shall return the
22   previously unmarked items and all copies thereof.  The inadvertent disclosure shall
23   not be deemed a waiver of confidentiality, and such designations may be made as
24   soon as possible after the discovery of the inadvertent production or disclosure.

25   **5.**    **Filing and Serving of Court Papers.**

26        (a)    No "Confidential—Outside Attorneys' Eyes Only" materials
27   shall be filed in the public record of this action.  All material so designated in
28   accordance with the terms of this Protective Order, and any pleadings, motions, or

OHS West:260667986.1
13379-2001 A90/KE2
-7-
PROPOSED PROTECTIVE ORDER

1    other papers filed with the Court disclosing any such material, shall be filed only in

2    a sealed envelope or other container marked with the title of the litigation, an

3    identification of the contents, and a statement substantially in the following form:

4                    **"Confidential—Outside Attorneys' Eyes Only"**–

5                    FILED UNDER SEAL [date] By Order of the District

6                    Court of the Central District of California, this envelope is

7                    not to be opened and its contents are not to be displayed

8                    or revealed except by further Order of this Court.

9    All papers so filed shall be kept under seal by the Clerk of the Court until further

10   Order of the Court.  Where possible, only "Confidential—Outside Attorneys' Eyes

11   Only" portions of filings with the Court shall be filed under seal.  In the event that a

12   party filed with the Court "Confidential—Outside Attorneys' Eyes Only" materials

13   that are not under seal as provided above, any party may, in writing, request that the

14   Clerk place such materials under seal.

15           (b)     All pleadings and other Court filings that contain

16   "Confidential—Outside Attorneys' Eyes Only" materials shall include on the first

17   page of such document, and all copies thereof, a statement substantially to the effect

18   that "This Document Contains 'Confidential—Outside Attorneys' Eyes Only'

19   Materials."

20           **6.     Use in Court Proceedings.**

21           Nothing contained in this Protective Order shall be construed to

22   prejudice any party's right to use at trial or in any open hearing before the Court

23   any "Confidential—Outside Attorneys' Eyes Only" material, provided that

24   reasonable notice of the intended use of such material shall be given to all counsel

25   of record in order to enable the parties to arrange for appropriate safeguards.

26           **7.     Handling and Disposition of Materials at Conclusion of Case.**

27           All material designated "Confidential—Outside Attorneys' Eyes

28   Only" shall remain in the possession of the counsel of record to whom such

1    material is produced, and they shall not permit any such material to leave their
2    possession, except that copies of such materials may be made for the use of those
3    assisting counsel to whom disclosure may be made under paragraph 3 and copies
4    may be submitted to the Court under seal as necessary. Within sixty (60) days after
5    such time as this action is concluded, whether by a final adjudication on the merits
6    from which there is no right of appeal, or by other means, each party to whom
7    "Confidential—Outside Attorneys' Eyes Only" material was produced shall, at the
8    election of the party receiving the materials, either: (1) return all documents and
9    copies containing "Confidential—Outside Attorneys' Eyes Only" materials
10   (including but not limited to copies in the possession or control of any expert or
11   employee) to the party who produced them, or (2) promptly destroy all such
12   materials, and shall provide written certification under oath to the producing party
13   to that effect.

14        **8.    Reservation of Rights.**

15        By designating any material "Confidential—Outside Attorneys' Eyes
16   Only" the parties do not acknowledge that any such material is relevant or
17   discoverable in this action. This Protective Order shall not constitute a waiver of
18   any right to seek discovery of, or alternatively to resist discovery of, any material in
19   this action. Designation of material as "Confidential—Outside Attorneys' Eyes
20   Only" pursuant to this Protective Order does not in any way restrict or adversely
21   affect the designating party's use or disclosure of such documents.

22        **9.    Challenge to Designation.**

23        A party or witness (or aggrieved entity permitted by the Court to
24   intervene for such purposes) may apply to the Court for a ruling that any material
25   (or category of material) or testimony designated as "Confidential—Outside
26   Attorneys' Eyes Only" is not entitled to such status and protection. The party or
27   other person that designated the material or testimony as "Confidential—Outside

28

1    Attorneys' Eyes Only" shall be given notice of the application and an opportunity
2    to respond.
3        **10.    Modification.**
4            Nothing in this Protective Order shall preclude any party from
5    applying to the Court to modify this Protective Order to provide for additional
6    safeguards to ensure the confidentiality of materials produced in this action or
7    otherwise modify this Protective Order for good cause shown.
8        **11.    Retention of Jurisdiction.**
9            The Court shall retain jurisdiction over all persons to be bound by the
10   terms of this Protective Order, during the pendency of this action and for such time
11   thereafter as is needed to carry out the terms of this Protective Order.
12   STIPULATED TO AND AGREED:
13
14   Dated:        May 29, 2009         ANDRÉ DE LA CRUZ
                                        ORRICK, HERRINGTON & SUTCLIFFE
15                                      LLP
16                                      /s/ André De La Cruz
                                        _____
                                        André De La Cruz
17                                      Attorneys for Plaintiff
                                        Custom Comfort Mattress Company, Inc.
18
19   Dated:        May 29, 2009         MICHAEL FOSTAKOWSKY
                                        ALLESSI & BAYARD
20
                                        /s/ Michael Fostakowsky
21                                      _____
                                        Michael Fostakowsky
22                                      Attorney for Defendant
                                        Maurice Trudell
23
24
25
26
27
28

1

## ORDER

Good cause appearing, the Court hereby approves and enters the preceding Order relating to discovery, use and disclosure of trade secrets and confidential financial, customer, technical, engineering, competitively sensitive and commercial information in this action.

Dated: June 3, 2009

_Christina A. Snyd_

Honorable Christina A. Snyder
U.S. District Court Judge

OHS West:260667986.1
13379-2001 A90/KE2

PROPOSED PROTECTIVE ORDER

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order of the U.S. District Court for the Central District of California in the matter of <u>Custom Comfort Mattress Company, Inc. v. Maurice Trudell</u>, Case No. CV 09-2137 CAS (PJWx), and hereby agree to fully comply with the terms and conditions thereof.  I further consent to the jurisdiction of the U.S. District Court with respect to enforcement of the Protective Order.

Executed this __ day of _____, 2009, at _____.