ALLAN W. JANSEN (STATE BAR NO. 81992)
ajansen@orrick.com
ANDRÉ DE LA CRUZ (STATE BAR NO. 245175)
adelacruz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA  92614
Telephone:   949-567-6700
Facsimile:    949-567-6710

Attorneys for Plaintiff
Custom Comfort Mattress Company, Inc.

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM COMFORT MATTRESS COMPANY, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE TRUDELL, an individual,<br><br>　　　　　Defendant. | Case No.  CV09-2137 CAS (PJWx)<br><br>**STIPULATION AND CONSENT ORDER GRANTING PERMANENT INJUNCTION AND DISMISSAL AGAINST DEFENDANT MAURICE TRUDELL** |

This Stipulation and Consent Order for Permanent Injunction is made between Defendant Maurice Trudell ("Defendant") and Plaintiff Custom Comfort Mattress Company, Inc ("Custom Comfort") (collectively, "the Parties"), by and through their counsel with reference to:

WHEREAS, Custom Comfort owns a trademark for the TRUDELL MATTRESS mark on mattresses, as evidenced in U.S. Trademark Registration No. 2,950,476, and the goodwill associated therewith ("TRUDELL mark");

WHEREAS, on March 27, 2009, Custom Comfort filed a complaint against Defendants entitled *Custom Comfort Mattress Company, Inc. v. Trudell Bros. Mattress Co. Inc. et al.*, in the United States District Court for the Central District of California, Case No. CV09-2137 CAS (PJWx) ("the Action"), in which Custom

Comfort alleged trademark infringement of Custom Comfort's Trudell mark in violation of the Lanham Act, false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), false advertising under Section 43(a) of the Lanham Act and California Business and Professions Code § 17500, common law trademark infringement, and unfair competition in violation of California Business and Professions Code § 17200 concerning certain mattresses designed, manufactured, distributed, marketed, advertised, sold, or offered for sale by Defendant;

WHEREAS, the Parties each now desire to resolve, compromise and settle the Action;

WHEREAS, the Parties agree that a consent injunction relating to the manufacture, distribution, marketing, advertisement, offering for sale or sale by Defendant of mattresses under any mark that is confusingly similar to Custom Comfort's TRUDELL mark is a necessary and material component of the settlement agreement;

NOW, THEREFORE, Custom Comfort and Defendant, without making any admissions regarding the allegations of this Action, by and through their counsel of record, hereby agree and stipulate that this Consent Injunction shall be entered as a permanent injunction in this Action as follows:

1. Defendant and all of his employees, agents, servants, successors and assigns, and all persons in present or future active concert or participation with any of them are hereby permanently enjoined from future infringement of U.S. Trademark Registration No. 2,950,476 and the TRUDELL mark and from the continued use of the TRUDELL mark, or any other Custom Comfort mark, in connection with the manufacturing, distribution, marketing, advertising, offering for sale or sale of any mattress or associated furniture.

2. Defendant and all of his employees, agents, servants, successors and assigns, and all persons in present or future active concert or participation with any

of them are hereby permanently enjoined from falsely advertising, whether explicitly or implicitly, that Defendant sells mattresses that falsely incorporate the use of misleading phrases, including but not limited to, "factory direct," "manufactures its own," "button-tufting," "cotton batting," "Est. 1974," "Mfg. 1974," and "Since 1974."

For purposes of this Order and Injunction, the term "advertising" shall encompass oral and written statements made in the context of commercial advertisement or promotion of Defendant's mattresses and associated furniture, for the purpose of influencing even a single potential customer to buy, or recommend the purchase of, Defendant's products.

3.   Defendant and all of his employees, agents, servants, successors, and assigns, and all persons in present or future active concert or participation with any of them are hereby permanently enjoined from using, directly or indirectly, Plaintiffs' trademarks, trade dress, or graphic designs on any of Defendant's advertisements, storefronts, or websites, including, www.mattressbytrudell.com and all metadata associated therewith.  This Order does not prohibit Defendant from maintaining a website, so long as any website, and underlying metadata, maintained by Defendant does not infringe on Plaintiff's marks in any fashion.

4.   Defendant has certified that all specimens of any mattresses in his possession, custody and/or control that bear the TRUDELL mark, if any, or are on packaging depicting the TRUDELL mark, if any, shall be destroyed by August 15, 2009, and within ten business days thereafter supply Custom Comfort with an affidavit confirming that Defendants are not in possession, care, custody, or control of said items.

5.   Defendant has certified that all references to and images of mattresses bearing the TRUDELL mark, if any, have been removed from any and all Internet websites maintained by Defendant or on Defendant's behalf.

6. Defendant and his agents, servants, employees, successors and assigns, and all persons in present or future active concert or participation with any of them are hereby permanently enjoined from: (a) representing that the Defendant is authorized to use Custom Comfort's TRUDELL mark, or that Defendant's products are licensed products; and (b) engaging in any other conduct that leads the consumer to believe that Defendant's business and his products are, directly or indirectly, associated with Custom Comfort or its trademark, excluding the use of Defendant's full name (Maurice Trudell).

7. Nothing in this Order shall be construed as preventing Defendant from using the name "Coastal Mattress Company" or "Mobile Mattress" in connection with the retail sales of mattresses including, but not limited to: (1) operating a retail store under the names "Coastal Mattress Company" or "Mobile Mattress"; (2) advertising, in any media, under the name "Coastal Mattress Company" or "Mobile Mattress"; and (3) maintaining website domains and/or addresses under the domain names "www.coastalmattress.com," "www.coastalmattresscompany.com," and "www.mobilemattress.com." All resultant name changes, including but not limited to banners, storefront signs, business cards, and print advertisement, will be completed no later than forty-five (45) days from the date this Consent Order is granted. Within said forty-five day period, Defendant shall make all reasonable good faith efforts to clarify any misconception, confusion or mistake on or behalf of the public as to any perceived relationship between Plaintiff and Defendant's business.

8. Plaintiff acknowledges that the individual Defendant may use his given name (Maurice Trudell)[1] to identify himself as a business owner, officer, salesperson, or employee on any business card, letterhead, email, or other

---

[1] Without waiving any provision of this Order and to the extent reasonable, Defendant may use his given name in association with the "Trudell Family" so long as such use is expressly styled in the conjunctive, i.e., "Maurice Trudell and the Trudell Family."

marketing literature used to sell mattresses so long as such use comports with the aforementioned provisions of this permanent injunction.

9. The Parties acknowledge the ability to use and hire independent secret shoppers, by phone or in person, solely for examining that the other party's conduct comports to the provisions herein and so long as such use does not exceed five (5) investigations per month.

10. Notwithstanding Section 9 above, neither party nor their agents or employees shall visit the property of the other without prior express permission.

11. Plaintiff acknowledges that the individual Defendant has existing advertising and marketing contracts with YellowPages.com, AT&T Yellow Pages, and Laguna Niguel Chamber of Commerce, which are all set to expire in less than one year and employ the "Trudell Brothers Mattress Company" name. Defendant agrees not to renew these contracts and to let them run their natural terms. Defendant further agrees to undertake all reasonable good faith efforts to remove or otherwise eliminate any and all references to "Trudell Brothers Mattress Company" from on-line and print advertisements to the extent possible.

12. Plaintiff acknowledges and agrees that it will not adopt nor use the "Trudell Brothers Mattress Company" name for a period of two (2) years from the date this Consent Order is granted. This section shall not be construed in any way so as to prevent or otherwise restrict Plaintiff's use and enjoyment of its own trademarks or other intellectual property.

13. Neither party, nor their agents or employees, shall steal or otherwise capture the signs, advertisements or other materials meant to draw attention of the consumer from the other party.

14. Upon execution of this Stipulation by Parties' counsel, Plaintiff's counsel will file the Stipulation and upon entry of this Order, Plaintiff will promptly file a dismissal of all claims against Defendant with prejudice, each party to bear its own costs. Notwithstanding the foregoing, the Parties stipulate and agree that the

Court shall retain jurisdiction over this Action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Consent Injunction. Further, should either party violate the terms listed above of this Consent Injunction, the prevailing party may recover attorneys' fees related to the enforcement of the terms herein.

STIPULATED AND AGREED.

Dated: July 23, 2009            ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Andre De La Cruz
    André De La Cruz

Attorneys for Plaintiff
CUSTOM COMFORT MATTRESS COMPANY, INC.

Dated: July 23, 2009            ALESSI & BAYARD

By: /s/ Michael Fostakowsky
    Michael Fostakowsky

Attorneys for Defendant
MAURICE TRUDELL

IT IS SO ORDERED.

Dated: July 24, 2009            By: /s/ Christina A. Snyder
    The Honorable Christina A. Snyder
    United States District Court Judge